**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza
New York, NY 10004-1980
Tel: 212.859.8000
Fax: 212.859.4000
www.friedfrank.com

Direct Line: 212.859.8004
Fax: 212.859.8585
steinbo@ffhsj.com

June 6, 2005



*Via Hand Delivery*

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street , Room 4124
Lock Box 27
Wilmington, DE 19801

        Re: <u>Magten Asset Management Corporation ("Magten") v.
NorthWestern Corporation ("NorthWestern"), Civil Action No. 04-1389
(JJF)(consolidated); Magten and Law Debenture Trust Company of New
York ("Law Debenture") v. NorthWestern, Civil Action No. 05-209
(collectively, the "Appeals")</u>

Dear Judge Farnan:

        As you are aware, together with Blank Rome LLP, we are counsel for
Magten, the Appellant in the above-referenced matters. We are in receipt of Collins
Seitz's letter to your Honor, dated May 25, 2005, concerning Connolly Bove's
representation of one of the mediating parties in connection with NorthWestern's
bankruptcy case. We are troubled by Mr. Seitz's characterization of the representation
at issue. As set forth in the attached letter from Fried Frank to Mr. Seitz, dated May 24,
2005, Connolly Bove acted as counsel to Harbert Management Corporation ("Harbert")
throughout NorthWestern's chapter 11 case. See Exhibit A. Harbert participated in the
court-ordered mediation and is a member of both the Plan Committee and the Ad Hoc
Committee of bondholders. Indeed, Harbert caused the Ad Hoc Committee to be
formed. Harbert, individually and through its participation on the Plan and Ad Hoc
Committees, opposed Magten's motion before the bankruptcy court seeking approval of
the settlement entered into by NorthWestern, Magten and Law Debenture, and Harbert
has taken the view that it is a party to the Appeals.[1] Moreover, Connolly Bove filed

---

[1]    As indicative of the significant role Harbert played in the mediation and NorthWestern's
bankruptcy case, we attach a letter from Harbert to NorthWestern's Board of Directors that
Harbert filed with its Schedule 13D. See Exhibit B.

A Delaware Limited Liability Partnership
New York • Washington • Los Angeles • London • Paris

Fried, Frank, Harris, Shriver & Jacobson LLP

June 2, 2005
Page 2

pleadings on behalf of Harbert in connection with the Motion to approve the Memorandum of Understanding (the "MOU").   The order approving the MOU is one of the Appeals that is the subject of the mediation.

In light of the above, there is the appearance that the court-ordered mediation was not performed by an impartial mediator.  While we understand that the failure to detect the conflict was inadvertent, had Magten known about it prior to the mediation, Magten would not have waived such conflict.  As such, we respectfully request consideration of whether a mediation before a new mediator would be appropriate.

If your Honor has any questions or concerns, counsel is available to address any issues.

Sincerely,

Bonnie Steingart

cc:    Gary Kaplan, Esq.
       Bijan Amini, Esq.
       Mark Packel, Esq.
       Elio Battista, Esq.
       Collins J. Seitz, Jr., Esq.
       David Jenkins, Esq.
       Kathleen M. Miller, Esq.
       Neil Glassman, Esq.
       Charlene Davis, Esq.
       David L. Finger, Esq.
       Scott D. Cousins, Esq.
       William E. Chipman, Jr., Esq.
       Jesse H. Austin, III, Esq.
       Steven Reisman, Esq.
       *(all by Electronic Mail)*