IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>           Reorganized Debtors. | Chapter 11<br><br>Case No. 03-12872 (JLP) |
| MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>           Appellant,<br><br>    v.<br><br>NORTHWESTERN CORPORATION,<br><br>           Appellee. | Civil Action No. 04-1389-JJF<br>(Consolidated)<br><br>**Re: Docket No. 40** |

**JOINDER OF THE PLAN COMMITTEE IN SUPPORT OF
NORTHWESTERN'S MOTION TO DISMISS CONSOLIDATED APPEALS OF
MAGTEN ASSET MANAGEMENT CORPORATION**

The Plan Committee (the "Plan Committee"), successor to the Official Committee of Unsecured Creditors (the "Official Committee")[1] and appointed in the chapter 11 case of NorthWestern Corporation ("NOR") pursuant to Section 7.9 of NOR's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), by its undersigned counsel, hereby joins in NOR's Motion (the "Motion to Dismiss") [Docket No. 40],[2] dated March 10, 2005, (i) to Dismiss Consolidated Appeals of Magten Asset Management Corporation ("Magten" or the

---

[1] On September 30, 2003, the Office of the United States Trustee for the District of Delaware appointed the Official Committee to serve in NOR's chapter 11 case.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Dismiss.

590693v1

"Appellant"); and (ii) For Leave to Submit Opening Brief Which Exceeds 40 pages. The Plan Committee supports NOR's request for dismissal of the above-referenced consolidated appeal (the "Appeal") for all the reasons stated in the Motion to Dismiss.

During NOR's chapter 11 case, the Official Committee was the body specifically charged with representing the interests and protecting the rights of the unsecured creditors of NOR, including the holders of both its senior and subordinated unsecured public debt instruments having a total face amount in excess of $1.2 billion. The Official Committee actively participated in NOR's chapter 11 case, including appearing at the hearings held on August 25, 2004, and October 6, 2004 (collectively, the "Confirmation Hearing") at which the Official Committee, through its financial advisor, provided testimony in support of confirmation of the Plan. In addition, because a denial of the confirmation of the Plan would have directly and negatively affected the pecuniary interest of the Official Committee's constituents by resulting in lower recoveries for unsecured creditors, the Official Committee argued in opposition to Appellant's objections to confirmation of the Plan at the Confirmation Hearing. Subsequently, by order dated October 19, 2004 (the "Confirmation Order"),[3] the Bankruptcy Court confirmed the Plan which is one of the orders subject to the Appeal.

The Plan Committee as successor to the Official Committee[4] is charged with protecting the interests of NOR's unsecured creditors during the final stages of NOR's chapter 11 case. The primary purpose of the Plan Committee is to oversee the "[C]laims reconciliation and settlement process." Plan at § 7.9. One of the key interests

---

[3] Bankr. Docket No. 2238.

[4] The Plan Committee consists of three members who are either former members of the Official Committee or entities who hold unsecured Allowed Class 7 Claims. Such members are Avenue Capital Group, Harbert Distressed Investment Master Fund Ltd., and Fortress Investment Group LLC.

is to ensure that all unsecured creditors receive their recoveries as provided under the Plan in a timely manner. A reversal of the orders subject to the Appeal would have the disastrous result of jeopardizing the distributions already made to creditors and further delaying recovery to those creditors who have yet to receive some or all of the distributions to which they are entitled. Thus, because the outcome of the Motion to Dismiss and the Appeal will adversely and directly affect the claims reconciliation process and interests of the constituents of the Plan Committee, resolution of the Motion to Dismiss and the Appeal falls squarely within the Plan Committee's purview. In addition, as a party in interest and successor to the Official Committee which participated fully at the Confirmation Hearing, the Plan Committee properly submits this Joinder pursuant to section 1109(b) of the Bankruptcy Code, which provides that parties in interest "may raise and may appear and be heard on any issue in a case under this chapter."[5]

       The Appeal seeks to reverse the confirmation process and reorganization efforts of NOR to the detriment of NOR, its estate and all creditors who voted in favor of the Plan. However, since entry of the orders on appeal, the Plan has become effective and been substantially consummated. See Notice of (A) Entry of Order Confirming the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code and (B) The Occurrence of the Effective Date [Bankruptcy Docket No.

---

[5] See In re Glickman, Berkovitz, Levinson, & Weiner, 204 B.R. 450, 453 (E.D.Pa. 1997) (granting creditor the right to file an appellee reply brief based on court's conclusion that such creditor was a party in interest who was authorized pursuant to section 1109(b) of the Bankruptcy Code to raise and appear and be heard on any issue in a case under chapter 11 including an appeal); Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc., 227 B.R. 788, 792-793 (E.D.Tex. 1998) (finding that section 1109(b) authorized the creditors committee, as a party in interest "an expansive right of participation in the resolution of issues arising in bankruptcy cases" and that nothing in section 1109(b) prohibited a party in interest's broad right to appear and be heard before an appellate court).

2300], and the Notice of Substantial Consummation of the Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code filed on December 29, 2004 [Bankruptcy Docket No. 2519]. Accordingly, because the Plan has been substantially consummated, it is the Plan Committee's position that the Appeal should be dismissed in its entirety because it is equitably moot.

The doctrine of equitable mootness "dictates that an appeal should be dismissed, even if the court has jurisdiction and is in a position to fashion relief, if 'implementation of that relief would be inequitable.'" U.S. Trustee v. Unofficial Committee of Equity Security Holders (In re Zenith Electronics Corporation), 329 F.3d 338, 343 (3d Cir. 2003) citing In re PWS Holding Corp., 228 F.3d 224, 236 (3d Cir. 2000). Thus, as a threshold matter, the Court should determine whether the Appeal is equitably moot.

In determining whether an appeal is equitably moot, the Third Circuit has enumerated five factors to be considered: (1) whether the plan has been substantially consummated or stayed, (2) whether a stay has been obtained, (3) whether the relief would affect the rights of third parties, (4) whether the relief requested would affect the success of the plan, and (5) the public policy of affording finality to bankruptcy judgments. In re Zenith Electronics Corporation, 329 F. 3d at 343. In evaluating the five factors, each factor is given varying weight; however, the foremost consideration for courts in determining "equitable mootness" is whether the plan has been substantially consummated. Id. In this instance, each of the five factors weighs heavily in favor of dismissing the Appeal.

*First*, as referenced above, the Plan has become effective and has been substantially consummated—a crucial fact that has not been (and cannot be) challenged by Appellant.

*Second,* Appellant has not obtained a stay of any of the orders subject to the Appeal.

*Third*, Appellant's requested relief would adversely affect the rights of numerous third parties—including other creditors who have since received and possibly sold into the public markets securities distributed by NOR under the Plan. In addition, as set forth in the Motion to Dismiss, third parties have committed substantial capital to, or arranged for the sale of newly issued securities by, NOR in reliance upon the Confirmation Order's effectiveness.

*Fourth*, reversing the Bankruptcy Court and granting Appellant the relief that it seeks—imposition of a constructive trust on NOR's Montana Utility Assets—would "knock the props out" from under the Plan because the relief sought by Magten would put into question the numerous transactions which form the basis for NOR's successful reorganization. Such a result would have devastating consequences for NOR's creditors and third-party investors alike. It would also penalize Montana ratepayers by returning the State's largest investor owned utility to financial purgatory.

*Lastly*, the public interest in finality of judgments of the Bankruptcy Court weighs in favor of dismissing the Appeal. Specifically, Class 7 claimants agreed to contribute a portion of their recovery to other, more junior creditors, including the QUIPS holders, who were not entitled to any recovery whatsoever based on the valuation evidence presented at the Confirmation Hearing. All of the creditors and other parties in

interest should be allowed to rely on decisions of the Bankruptcy Court especially where Appellant retains its ability to pursue a recovery in the QUIPS Litigation. Accordingly, for this and the other reasons set forth in the Motion to Dismiss and accompanying Memorandum of Law, dated March 10, 2005, [Docket No. 41], the Appeal should be dismissed as equitably moot.

WHEREFORE, the Plan Committee respectfully requests that this Court grant the relief requested by the Motion to Dismiss and grant the Plan Committee such other and further relief as is just and proper.

Dated: June 10, 2005

By: *[signature]*

THE BAYARD FIRM
Neil Glassman (#2087)
Charlene D. Davis (#2336)
Eric M. Sutty (#4007)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 650-5000

-and-

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Alan W. Kornberg
Margaret A. Phillips
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for the Plan Committee

## CERTIFICATE OF SERVICE

I, Eric M. Sutty, do hereby certify that on this 10th day of June, 2005, I caused a true and correct copy of the attached **Joinder of the Plan Committee in Support of NorthWestern Corporation's Motion to Dismiss Consolidated Appeals of Magten Asset Management Corporation** to be served upon the following parties in the manner indicated.

**Via Hand Delivery**

Scott D. Cousins, Esquire
Victoria W. Counihan, Esquire
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801

William J. Burnett, Esquire
Mark J. Packel, Esquire
Elio Batista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899

Mark Kenney, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center
1201 Orange Street, Ste. 725
Wilmington, DE 19801-1155

**Via U.S. First Class Mail**

Amanda Darwin, Esquire
John V. Snellings, Esquire
Lee Harrington, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

Devora L. Nealy, Paralegal
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. Suite 2400
Atlanta, GA 30308

Bonnie Steingart, Esquire
Gary L. Kaplan, Esquire
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10064

Alan W. Kornberg, Esquire
Margaret A. Phillips, Esquire
Ephraim I. Diamond, Esquire
Talia Gil, Esquire
Paul, Weiss, Rifkind, Wharton &
  Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Thomas J. Knapp, VP & General Counsel
NorthWestern Corporation
125 S. Dakota Avenue
Sioux Falls, SD 57104-6403

590682v1

Collin J. Seitz, Jr., Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE  19899

John V. Snellings, Esquire
Nixon & Peabody
100 Summer Street
Boston, MA  02100

*[signature]*
Eric M. Sutty (No. 4007)

590682v1