IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORTHWESTERN CORPORATION,<br><br>     Reorganized Debtor.<br><br>---<br><br>MAGTEN ASSET MANAGEMENT CORPORATION,<br><br>     Appellant,<br><br>v.<br><br>NORTHWESTERN CORPORATION,<br><br>     Appellee. | Chapter 11<br><br>Case No. 03-12872 (JLP)<br><br><br><br><br><br><br><br>Civil Action No. 04-1389-JJF<br>(Consolidated)<br><br>Re: Docket Nos. 40, 57, 59, 61 |

**PLAN COMMITTEE REPLY TO AND JOINDER IN SUPPORT OF NORTHWESTERN'S REPLY TO MAGTEN ASSET MANAGEMENT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AND JOINDER OF PLAN COMMITTEE**

The Plan Committee (the "Plan Committee"), successor to the Official Committee of Unsecured Creditors (the "Official Committee")[1] and appointed in the chapter 11 case of NorthWestern Corporation ("NOR") pursuant to Section 7.9 of NOR's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), by its undersigned counsel, hereby replies to Magten Asset Management Corporation's ("Magten" or the "Appellant") Memorandum of Law in Opposition (the "Opposition Brief") [Docket No. 59], dated June 30, 2005, to (i)

---

[1] On September 30, 2003, the Office of the United States Trustee for the District of Delaware appointed the Official Committee to serve in this chapter 11 case.

594273v1

NOR's Motion to Dismiss Consolidated Appeals, (the "Motion to Dismiss") [Docket No. 40],[2] dated March 10, 2005 and (ii) Joinder of Plan Committee to the Motion to Dismiss (the "Joinder") [Docket No. 57], dated June 10, 2005. The Plan Committee supports and joins in NOR's Reply (the "Reply"), dated July 12, 2005, [Docket No. 61] to Magten's Opposition Brief for all the reasons stated in the Reply.

Seeking to silence the Plan Committee, Magten asserts that the Plan Committee lacks standing to be heard in these matters. Nothing could be further from the truth. Throughout this chapter 11 case, the Plan Committee and its predecessor, the Official Committee, have diligently represented the interests of NOR's unsecured creditors, both senior and subordinated. In fact, recognizing the Plan Committee's vital role in the ongoing Plan administration, Bankruptcy Judge Peterson, on July 1, 2005, granted the Plan Committee's Motion to Intervene in an adversary proceeding[3] initiated by Magten and Law Debenture Trust Company of New York seeking to revoke the Confirmation Order pursuant to section 1144 of the Bankruptcy Code—the same Confirmation Order that is the subject of the Appeal.

The Plan Committee[4] is charged with protecting the interests of NOR's unsecured creditors during the final stages of NOR's chapter 11 case. The primary purpose of the Plan Committee is to oversee the "[C]laims reconciliation and settlement

---

2   Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Dismiss.

3   A copy of the order is attached hereto as Exhibit A (Bankr. Del. Adv. Proc. 05-50866 [Docket No. 11]).

4   The Plan Committee consists of three members who are either former members of the Official Committee or entities who hold unsecured Allowed Class 7 Claims. Such members are Avenue Capital Group, Harbert Distressed Investment Master Fund Ltd., and Fortress Investment Group LLC.

process." Plan at § 7.9. One of the key creditor interests is maintaining the Plan's integrity by ensuring that all unsecured creditors receive their rightful recoveries in a timely manner.

An essential underpinning of this process requires that the Plan, as voted on and approved overwhelmingly by NOR's creditors, be implemented as confirmed. A reversal of the orders subject to the Appeal would, even under Magten's proposed alternative relief scheme, have the effect of rewriting the Plan to provide creditor recoveries not disclosed to creditors when voting on the Plan. The Plan's distribution scheme was specifically crafted to provide subordinated creditors with distributions to which they were not entitled at the expense of senior creditors in order to achieve a consensual result. Any alterations would "knock the props" out of the negotiated Plan and would be inequitable. Furthermore, a full reversal of the order subject to the Appeal would have the disastrous result of jeopardizing the distributions already made to creditors and further delaying recovery to those creditors who have yet to receive some or all of the distributions to which they are entitled.

Thus, because the outcome of the Motion to Dismiss and the Appeal will adversely and directly affect the claims reconciliation process and creditor interests, resolution of the Motion to Dismiss and the Appeal itself fall squarely within the scope of the Plan Committee's duties and purview.

Alternatively, Magten argues that the Plan Committee does not have standing to be heard in this Appeal because it is neither a "person aggrieved" nor a "party in interest." In support of its argument, Magten cites numerous cases all of which are

inapposite and which deal solely with standing to *bring* an appeal; that is, appell*ant* standing; not a single case cited by Magten concerns itself with appell*ee* standing.

Indeed, it is not clear that "appellate standing" is even the "proper inquiry" where the issue is one's standing to oppose an appeal. Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc., 227 B.R. 788, 790 (E.D.Tex. 1998). Although there is a dearth of case law directly on point with such situations – a point made evident by Magten's failure to cite a single appellee standing case – a district court in this circuit did, in fact, grant a creditor/appellee the right to file a brief and have its arguments considered by the court solely on the basis of the appellee being a party in interest pursuant to section 1109(b). The court did not undergo any "person aggrieved" analysis whatsoever. See In re Glickman, Berkovitz, Levinson, & Weiner, 204 B.R. 450, 453 (E.D.Pa. 1997).[5]

The Bankruptcy Code does not contain any express restrictions on appellate standing – appellee or otherwise. In re PWS Holding Corp., 228 F.3d 224, 249

---

[5] That the Plan Committee is a party in interest pursuant to section 1109(b) is without question. Indeed, courts in this circuit have consistently interpreted the scope of section 1109(b) broadly noting that section 1109(b) "was designed to insure that all who have a sufficient stake in the outcome of a [bankruptcy] proceeding be heard." In re Orlando Investors, L.P., 103 B.R. 593, 597 (Bankr. D. Pa. 1989). The Court of Appeals for the Third Circuit has interpreted the phrase "party in interest" to refer to anyone who "has a sufficient stake in the proceeding so as to require representation." In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1988) (holding that future asbestos claimants were sufficiently affected by the reorganization proceedings to be termed "parties in interest" and remanding to reconsider motion to intervene); see also Unofficial Committee of Zero Coupon Noteholders v. The Grand Union Company, 179 B.R. 56, 59 (D. Del. 1995) (holding that unofficial committee of debtor's parent company's noteholders, while not creditors or equity security holders of the debtor's estate, had a sufficient practical stake in the outcome of the proceedings at hand to be a "party in interest" and give it standing to object pursuant to section 1109(b)). As noted above, the Bankruptcy Court's entry of an order granting the Plan Committee's Motion to Intervene provides further support that the Plan Committee is indeed a "party in interest" where the Confirmation Order is concerned.

(3d Cir. 2000); Southern Pacific Transp. Co., 227 B.R. at 790, 792. Magten cites to PWS Holding for the proposition that courts have not extended section 1109(b)'s right to be heard to give rise to appellate standing. (Opposition Brief at p. 21). However, the PWS Holding court did not address the issue of appell*ee* standing. Rather, the court's discussion was limited to appell*ant* standing. Thus the court stated, "only those whose rights or interests are directly and adversely affected pecuniarily by an order of the bankruptcy court may *bring* an appeal." 228 F.3d at 249 (internal quotation marks and citations omitted) (emphasis added). Therefore, Magten's inference that "the Plan Committee's reliance on section 1109(b) is improper and the Plan Committee does not have a right to be heard in the Appeals," finds no support in the Third Circuit's PWS Holding opinion.

Even if an appellee does have to satisfy the "person aggrieved" appellant standard to participate in an appeal, the Plan Committee submits that in this instance it (1) is a "party aggrieved" by the Confirmation Order; and (2) would certainly be a "party aggrieved" in the event Magten were successful in overturning the Confirmation Order.

*First*, the Plan Committee, representing NOR's general unsecured creditor body, consists of three members (one, a former member of the Official Committee) all of whom are holders of unsecured Allowed Class 7 Claims against NOR's estate. The pecuniary interests of the entirety of NOR's unsecured creditor body, including the members of the Plan Committee, were adversely affected by the entry of the Confirmation Order because the Plan determines the financial recovery to which they are

entitled from NOR and extinguishes their prepetition contractual rights. See <u>Southern Pacific Transp. Co.</u>, 227 B.R. at 791.[6]

*Second*, the Plan Committee would certainly be a "person aggrieved" should the Confirmation Order be reversed by this Court. A reversal of the Confirmation Order would threaten the Plan Committee's existence and undermine its efforts on behalf of NOR's unsecured creditor body, overseeing the claims reconciliation and settlement process as well as assisting NOR in implementing the Plan.[7] In addition, the Plan Committee has invested enormous amounts of time and resources in assisting NOR in defending the Plan and Confirmation Order from Magten's continuous assaults. Here there is little doubt the Plan Committee would be aggrieved if the Confirmation Order were reversed. See <u>In re American Eagle Mfg., Inc.</u>, 231 B.R. 320, 329 (B.A.P. 9th Cir. 1999) (finding that based upon trustee's activity in the case to date, its status as an elected and certified trustee, and its direct pecuniary interest resulting from its activities as trustee, the trustee had sufficient standing to join with other creditors as an appellee opposing appellant's appeal to reverse election of trustee).

Therefore, for all of the reasons set forth above, the Plan Committee satisfies the "person aggrieved" standard and has sufficient standing to join as an appellee in this Appeal.

---

[6] Even if the Plan Committee as a separate body were not *per se* aggrieved, the standing of its individual members provides sufficient basis to afford standing to the Plan Committee as an entity. See <u>In re General Store of Beverly Hills</u>, 11 B.R. 539, 541 (B.A.P. 9th Cir. 1981).

[7] As noted above, the Plan Committee is the direct successor to the Official Committee. As set forth in the Joinder, the Official Committee actively participated in the Confirmation Hearings and actively opposed Magten's efforts to obtain a stay of the Confirmation Order pending resolution of this Appeal. Without a doubt the Official Committee is a "party aggrieved" in this matter.

WHEREFORE, the Plan Committee respectfully submits that it has standing and may be heard on this matter and further requests that this Court grant the relief requested by the Motion to Dismiss and the Reply and grant the Plan Committee such other and further relief as is just and proper.

Dated: July 12, 2005

THE BAYARD FIRM

By: /s/ Eric M. Sutty
Neil Glassman (#2087)
Charlene D. Davis (#2336)
Eric M. Sutty (#4007)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 650-5000

-and-

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Alan W. Kornberg
Margaret A. Phillips
Ephraim I. Diamond
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for the Plan Committee

## CERTIFICATE OF SERVICE

I, Eric M. Sutty, do hereby certify that on this 12th day of July, 2005, I caused a true and correct copy of the attached **Plan Committee Reply To And Joinder In Support of Northwestern's Reply To Magten Asset Management Corporation's Memorandum Of Law In Support Of Opposition To Motion To Dismiss And Joinder Of Plan Committee** to be served upon the following parties in the manner indicated.

**Via Hand Delivery**

Scott D. Cousins, Esquire
Victoria W. Counihan, Esquire
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801

William J. Burnett, Esquire
Mark J. Packel, Esquire
Elio Batista, Jr., Esquire
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Fl.
P.O. Box 410
Wilmington, DE 19899

Mark Kenney, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina, P.A.
One Commerce Center
1201 Orange Street, Ste. 725
Wilmington, DE 19801-1155

**Via U.S. First Class Mail**

Amanda Darwin, Esquire
John V. Snellings, Esquire
Lee Harrington, Esquire
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

Jess H. Austin, III, Esquire
Karol K. Denniston, Esquire
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. Suite 2400
Atlanta, GA 30308

Bonnie Steingart, Esquire
Gary L. Kaplan, Esquire
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10064

Alan W. Kornberg, Esquire
Margaret A. Phillips, Esquire
Ephraim I. Diamond, Esquire
Talia Gil, Esquire
Paul, Weiss, Rifkind, Wharton &
 Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Thomas J. Knapp, VP & General Counsel
NorthWestern Corporation
125 S. Dakota Avenue
Sioux Falls, SD 57104-6403

594254v1

Collin J. Seitz, Jr., Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
Wilmington, DE 19899

John V. Snellings, Esquire
Nixon & Peabody
100 Summer Street
Boston, MA 02100

_____
Eric M. Sutty (No. 4007)

594254v1