# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : Case No. 03-12872 (JLP) |
| Reorganized Debtor. | : |

**NOTICE OF SUBSTANTIAL CONSUMMATION
OF THE DEBTOR'S SECOND AMENDED AND
RESTATED PLAN OF REORGANIZATION UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE**

**TO ALL HOLDERS OF CLAIMS,
HOLDERS OF INTEREST AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE,** that on or about October 19, 2004, an order (the "Confirmation Order") was entered by the Honorable Charles G. Case, United States Bankruptcy Judge, confirming, pursuant to the provisions of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), the Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan")[1] of NorthWestern Corporation, former debtor and debtor-in-possession (the "Debtor"). A copy of the Confirmation Order is on file with the Clerk of the Bankruptcy Court for the District of Delaware and is available for inspection at the Clerk's office during normal business hours and on the Court's website at www.deb.uscourts.gov. A copy of the Confirmation Order may also be obtained by submitting a written request for such documents to the Debtor's Noticing Agent, Kurtzman Carson

---

[1] Any capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

Consultants LLC, 12910 Culver Blvd., Suite I, Los Angeles, California 90066-6709; Attn: NorthWestern Corporation, or by viewing the document on the noticing agent's website at www.kccllc.net/northwestern. In addition, copies of the Confirmation Order may be viewed on the Debtor's website at www.northwestern.com.

**PLEASE TAKE FURTHER NOTICE**, that the Effective Date of the Plan occurred on November 1, 2004.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Section 1101(2) of the Bankruptcy Code, "substantial consummation" means:

(a) transfer all of or substantially all of the property proposed by the Plan to be transferred;

(b) assumption by the debtor or by the successor to the debtor under the Plan of the business or of the management of all or substantially all of the property dealt with by the Plan; and

(c) commencement of distribution under the Plan.

**PLEASE TAKE FURTHER NOTICE**, that as of November 1, 2004, the Debtor transferred substantially all of the property proposed by the Plan to be transferred including delivery of all the Trust Assets to the D&O Trust.

**PLEASE TAKE FURTHER NOTICE**, that as of November 1, 2004, the Reorganized Debtor assumed substantially all of the property dealt with by the Plan.

**PLEASE TAKE FURTHER NOTICE**, that the Reorganized Debtor completed distribution to holders of allowed claims under the Plan, including the following distributions:

1. Class 7 Distributions. On or about November 1, 2004, consistent with Section 4.7 of the Debtor's Plan, 28,250,900 shares of New Common Stock were issued to the Depository Trust Company ("DTC") for credit in book-entry form to the accounts of the DTC participants representing holders of Class 7 Allowed Claims. On or about November 5, 2004, these shares were credited by DTC to the accounts of the above-referenced DTC participants.

2. Class 8(a) Distributions.

   (a) On or about November 1, 2004, consistent with Section 4.8(a) of the Debtor's Plan, 2,278,769 shares were issued to DTC for credit in book entry form to the accounts of the DTC participants representing holders of Class 8(a) Allowed Claims. On or about November 5, 2004, these shares were credited by DTC to the accounts of the above-referenced DTC participants.

   (b) On or about November 1, 2004, consistent with Section 4.8(a) of the Debtor's Plan, 4,366,092 warrants were issued to DTC for credit in book-entry form to the accounts of the DTC participants representing holders of Class 8(a) Allowed Claims. On or about November 5, 2004, these warrants were credited by DTC to the accounts of the above-referenced DTC participants.

   (c) On November 1, 2004, consistent with Section 5.18 of the Debtor's Plan, 55,640 shares were issued to DTC for credit to Wilmington Trust Company pursuant to its exercise of its Indenture Trustee Charging Lien.

3. Class 8(b) Distributions. On or about December 23, 2004, mindful of its obligation to deliver shares of Common Stock and Warrants to holders of Class 8(b) claims who elected, or were deemed to have elected, Option 1 under Section 4.8(b) of the Debtor's Plan and Law Debenture Trust Company of New York's exercise of its Indenture Trustee Charging Lien, the Debtor authorized its transfer agent, LaSalle Bank National Association, to transfer (i) physical stock certificates issued in the name of "Law Debenture Trust Company of New York" 136,965 shares of Common Stock and (ii) physical warrant certificate in the name of "Law Debenture Trust Company of New York" 254,241 Warrants to purchase shares of Common Stock pursuant to Section 4.8(b) and Section 5.18 of the Debtor's Plan.

4. Class 9 Distributions. The following actions have been taken by the Debtor with respect to Allowed Class 9 claims:

   (a) Issuance of a physical certificate to Comanche Park LLC in the amount of 23,620 shares for its Allowed Class 9 Claim; and

   (b) Establishment of a Disputed Claims Reserve. Consistent with Section 7.5 of the Debtor's Plan, the Debtor reserved 4,409,100 shares for potential future distribution to holders of Allowed Class 9 Claims. This Disputed Claims Reserve includes specific reserves as follows: (i) shares of common stock equal to the value of $50,000,000, valued as of the Effective Date, in connection with PPL Montana LLC's disputed claim; and (ii) a $25,000,000 Class 9 claim in connection with the disputed QUIPS Litigation Claims.

   (c) Issuance to DTC of 614,125 shares for credit to the account of CRT Capital Group LLC, in resolution of the $19,500,000 allowed Class 9 claims of the Cornerstone Propane entities.

5. Class 10 Distribution. The Debtor made 100% of the payments to holders of Allowed Convenience Class Claims pursuant to Section 4.10 of the Debtor's Plan. The Debtor has paid $954,443.89 to holders of Allowed Convenience Class Claims.

6. Cure Payments in Connection with Assumed Contracts. The Debtor made 100% of the undisputed cure payments in connection with assumed contracts pursuant to Section 8.1 of the Debtor's Plan. The Debtor has paid approximately $2,170,341.64 in undisputed cure payments in connection with assumed contracts.

**PLEASE TAKE FURTHER NOTICE**, that on or about December 7, 2004, consistent with Section 9.3 of the Debtor's Plan in connection with the Special Recognition Grants, physical certificates in the amount of (i) 103,360 shares of Common Stock were issued to certain executive officers, members of the extended leadership team and executive-level key managers (not subject to tax withholding at this time); and (ii) 7,630 shares of Common Stock were issued to non-executive-level key managers (subject to tax withholding at this time). The Debtor withheld 3,174 shares of Common Stock to satisfy the tax withholding liability of the individuals comprising the non-executive-level key manager group resulting from the stock issuance.

**PLEASE TAKE FURTHER NOTICE**, that, as described above, the Debtor has substantially consummated its Plan.

**[Signature on next page]**

Dated: Wilmington, Delaware
December 29, 2004

        Respectfully submitted,

        PAUL, HASTINGS, JANOFSKY & WALKER LLP
        600 Peachtree Street
        Suite 2400
        Atlanta, GA 30308
        Jesse H. Austin, III
        Karol K. Denniston
        Telephone: (404) 815-2400

        and

        GREENBERG TRAURIG, LLP

        _____
        Scott D. Cousins (No. 3079)
        William E. Chipman, Jr. (No. 3818)
        The Brandywine Building
        1000 West Street, Suite 1540
        Wilmington, DE 19801
        Telephone: (302) 661-7000

        *Co-Counsel for NorthWestern Corporation*