IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> NORTHWESTERN CORPORATION, <br><br> Reorganized Debtor. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 03-12872 (JLP) <br> ) <br> ) |
| MAGTEN ASSET MANAGEMENT CORPORATION, <br><br> Appellant, <br><br> v. <br><br> NORTHWESTERN CORPORATION, <br><br> Appellee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-1389-JJF <br> ) (Consolidated) <br> ) <br> ) Re: Docket No. 63, 64, 68 <br> ) <br> ) <br> ) <br> ) |

**JOINDER OF THE PLAN COMMITTEE
IN SUPPORT OF NORTHWESTERN'S REPLY BRIEF**

The Plan Committee (the "Plan Committee"), successor to the Official Committee of Unsecured Creditors (the "Official Committee")[1] and appointed in the chapter 11 case of NorthWestern Corporation ("NOR") pursuant to Section 7.9 of NOR's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), by its undersigned counsel, hereby joins in NOR's Reply to Magten Asset Management Corporation's ("Magten or Appellant") Opening Brief (the "Reply Brief") Docket No. 68,[2] dated August 12, 2005. The Plan Committee supports

---

[1] On September 30, 2003, the Office of the United States Trustee for the District of Delaware appointed the Official Committee to serve in NOR's chapter 11 case.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Reply Brief.

597868v1

and joins in NOR's position taken in the Reply Brief and requests the dismissal of the above-referenced consolidated appeal (the "Appeal") for all the reasons stated in the NOR's Reply Brief.

During NOR's chapter 11 case, the Official Committee was the body specifically charged with representing the interests and protecting the rights of the unsecured creditors of NOR, including the holders of both its senior and subordinated unsecured public debt instruments having a total face amount in excess of $1.2 billion. The Official Committee actively participated in NOR's chapter 11 case, including appearing at the hearings held on August 25, 2004, and October 6, 2004 (collectively, the "Confirmation Hearing") at which the Official Committee, through its financial advisor, provided testimony in support of confirmation of the Plan. In addition, because a denial of confirmation of the Plan would have directly and negatively affected the pecuniary interest of the Official Committee's constituents by resulting in lower recoveries for unsecured creditors, the Official Committee argued in opposition to Magten's objections to confirmation of the Plan at the Confirmation Hearing. On October 8, 2004, the Bankruptcy Court orally issued its findings of fact and conclusions of law confirming the Plan in all respects and overruling all objections to confirmation not otherwise withdrawn or resolved, including Magten's objections. Transcript of Proceedings Before the Honorable Charles G. Case, II, United States Bankruptcy Judge, dated October 8, 2004 (the "Confirmation Decision") [Magten, Exh. 213].[3] Subsequently, by order dated

---

[3] Exhibit references related to items identified in Magten's Amended Designation of Items to be Included in the Record on Appeal and Statement of Issues to be Presented on Appeal from the Order Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Bankr. Docket No. 2335] are referred to herein as "Magten, Exh. ___." Exhibit references related to

October 19, 2004 (the "Confirmation Order") [Magten, Exh. 203], the Bankruptcy Court confirmed the Plan, which is one of the orders subject to the Appeal.

The Plan Committee as successor to the Official Committee[4] is charged with protecting the interests of NOR's unsecured creditors during the final stages of NOR's chapter 11 case. The primary purpose of the Plan Committee is to oversee the "[C]laims reconciliation and settlement process." Plan at § 7.9. One of the Plan Committee's key interests is to ensure that all unsecured creditors receive their recoveries as provided under the Plan in a timely manner. A reversal of the orders subject to the Appeal would have the disastrous result of jeopardizing the distributions already made to creditors and further delaying recovery to those creditors who have yet to receive some or all of the distributions to which they are entitled. Thus, because the outcome of the Appeal will adversely and directly affect the claims reconciliation process and interests of unsecured creditors, resolution of the Appeal falls squarely within the Plan Committee's purview. In addition, as a party in interest and successor to the Official Committee which participated fully at the Confirmation Hearing, the Plan Committee properly submits this joinder pursuant to section 1109(b) of the Bankruptcy Code, which provides that parties in interest "may raise and may appear and be heard on any issue in a case under this chapter."[5]

---

    exhibits identified in NOR's Designation of Additional Documents for the Record and Objection to Statement of Issues on Appeal [Bankr. Docket No. 2634] are referred to herein as "Debtor, Exh. __."

[4]    The Plan Committee consists of three members who are either former members of the Official Committee or entities who hold unsecured Allowed Class 7 Claims. Such members are Avenue Capital Group, Harbert Distressed Investment Master Fund Ltd., and Fortress Investment Group LLC.

[5]    See In re Glickman, Berkovitz, Levinson, & Weiner, 204 B.R. 450, 453 (E.D.Pa. 1997) (granting creditor the right to file an appellee reply brief based on court's

Appellant seeks to reverse the Confirmation Order, in large part, on the basis that it was improper for the Plan to force QUIPS holder to chose between Option 1 (distributions based upon enforcement of the QUIPS Indenture) and Option 2 (distributions, if any, resulting from the QUIPS Litigation aimed at rescission of the QUIPS Indenture). However, the Bankruptcy Court correctly concluded Appellant was **not** entitled to separate recoveries for claims related to enforcement of the QUIPS Indenture ("contract claims") **and** its pursuit of a fraudulent conveyance action based upon a rescission of the QUIPS Indenture ("rescission claims"). (see Confirmation Decision at pp. 30-32). Basic contract principles prohibit the simultaneous recovery on Appellant's contract claims and rescission claims because as a general rule, "one cannot in equity seek to rescind a contract on the ground of fraud and, at the same time, retain the benefits derived from that contract." See Richard A. Lord, A Treatise on the Law of Contracts, § 69:50 (4th ed. 2003). Where a party alleges that a contract has been obtained by fraud, as Appellant has alleged in its fraudulent conveyance action, "the party defrauded has two remedies, and as they are inconsistent, he must elect which one of the remedies sought he shall pursue." Id. at § 69:47. Appellant's contract claims in respect of the QUIPS, premised on the affirmance of the obligations of NOR, and its rescission claims, premised on an unwinding of the Going Flat Transaction, are inconsistent remedies. As such, the Bankruptcy Court properly concluded that the Plan's

---

conclusion that such creditor was a party in interest who was authorized pursuant to section 1109(b) of the Bankruptcy Code to raise and appear and be heard on any issue in a case under chapter 11 including an appeal); Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc., 227 B.R. 788, 792-793 (E.D.Tex. 1998) (finding that section 1109(b) authorized the creditors committee, as a party in interest "an expansive right of participation in the resolution of issues arising in bankruptcy cases" and that nothing in section 1109(b) prohibited a party in interest's broad right to appear and be heard before an appellate court).

597868v1                                                    4

election-of-remedies provision for Class 8(b) was not "unreasonable or unfair" and comported with section 1129 of the Bankruptcy Code particularly where valuation evidence demonstrated that Class 8(b) claimants had no absolute entitlement to any recovery whatsoever. (see Confirmation Decision at p. 32). Accordingly, for this and the other reasons set forth in the Reply Brief, the Confirmation Order and MOU Order should be affirmed and the Appeal should be dismissed.

WHEREFORE, the Plan Committee respectfully requests that this Court grant the relief requested by NOR's Reply Brief and grant the Plan Committee such other and further relief as is just and proper.

Dated: August 12, 2005

THE BAYARD FIRM

By: /s/ Eric M. Sutty
Neil Glassman (No. 2087)
Charlene D. Davis (No. 2336)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
(302) 650-5000

-and-

PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP
Alan W. Kornberg
Margaret A. Phillips
Ephraim I. Diamond
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Attorneys for the Plan Committee

597868v1                                5