# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| NORTHWESTERN CORPORATION, | : |
| Debtor. | : Case No. 03-12872 (KJC) |
| | |
| MAGTEN ASSET MANAGEMENT CORP. | : |
| Appellant, | : |
| v. | : CA NO. 04-1389 (JJF) |
| | : CA No. 04-1508 (JJF) |
| NORTHWESTERN CORPORATION, | : CONSOLIDATED |
| Appellee. | : |

**OPPOSITION OF MAGTEN ASSET MANAGEMENT CORPORATION TO SUPPLEMENTAL BRIEF OF NORTHWESTERN CORPORATION IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED APPEALS**

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Bonnie Steingart, Esq.
Gary L. Kaplan, Esq.      -and-
One New York Plaza
New York, NY 10004
Telephone: (212) 859-8000

Counsel for Magten Asset Management
   Corporation

**BLANK ROME LLP**
Dale R. Dubé (I.D. No. 2863)
Bonnie Glantz Fatell (I.D. No. 3809)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400

Dated: April 27, 2006
Wilmington, Delaware

Appellant Magten Asset Management Corporation ("Magten"), by and through its undersigned counsel, hereby submits this opposition (the "Opposition") to NorthWestern's supplemental brief (the "Supplemental Brief") filed by NorthWestern Corporation ("NorthWestern") in support of NorthWestern's motion to dismiss the consolidated appeals (the "Appeals"). In support of this Opposition, Magten respectfully states as follows.[1]

### ARGUMENT

NorthWestern filed its Supplemental Brief to bring to the Court's attention the recent Third Circuit decision of In re SLI, Inc., in which the Third Circuit dismissed an appeal of a confirmation order on grounds of equitable mootness. 2006 U.S. App. LEXIS 5188 (3d Cir. March 1, 2006). While NorthWestern argues that the SLI decision supports its motion to dismiss the Appeals as equitably moot because "NorthWestern's circumstances are identical to those presented in SLI" (Supplemental Brief, p. 3), NorthWestern's reliance on SLI is misplaced. The circumstances in the Appeals are readily distinguishable from those in SLI since this Court can feasibly and easily fashion relief for Magten without upsetting the Plan and/or harming any potential third parties. Indeed, SLI does not break any new ground, rather SLI simply restates current Third Circuit law that an appeal of a confirmation order is equitably moot if the court cannot fashion a remedy without upsetting the chapter 11 plan. SLI, 2006 U.S. App. Lexis 5188 at *4 -*5.

---

[1] All capitalized terms not expressly defined herein shall have the meanings ascribed to them in NorthWestern's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").

As further explained in Magten's Opposition and Memorandum of Law to NorthWestern's Motion to Dismiss the Consolidated Appeals, filed on June 30, 2005 (D. I. No. 59), courts have mandated that equitable mootness should be applied sparingly and, specifically, in circumstances where prudential reasons dictate that the court cannot provide some means of effective relief for the appealing party. See generally, Zenith Elecs. Corp. 329 F.3d 338, 340 (3d Cir. 2003); In re Continental, 91 F.3d 553, 559 (3d Cir. 1996); In re UNR Indus. Inc., 20 F.3d 766, 769 (7th Cir. 1994). See also In re PWS Holding Corp., 228 F.3d 224, 235-36 (3d Cir. 2000) (holding that an appeal should be dismissed as equitably moot if relief would be inequitable). SLI did not alter this principle. While Magten does not dispute that NorthWestern has taken action to substantially consummate the Plan, this factor does not automatically render the Appeals moot nor does it preclude the Court from fashioning appropriate relief. See Chateaugay Corp. v. LTV Steel Co. (In re Chateaugay Corp.), 10 F.3d 944, 9542 (2d Cir. 1993) ("substantial consummation of a reorganization plan is a momentous event, but it does not necessarily make it impossible or inequitable for an appellate court to grant effective relief"); In re AOV Indus. Inc. 792 F.2d 1140, 1148 (D.C. Cir. 1986) (substantial consummation is "not a blanket discharge" of "judicial duty to examine carefully each request for relief"); In re Ionosphere Clubs, Inc., 184 B.R. 648, 651 (S.D.N.Y. 1995) ("substantial consummation of a plan does not necessarily make it impossible or inequitable for a reviewing court to grant relief.").

In SLI, the Third Circuit evaluated the potential alternative forms of relief proposed by the appealing creditor and determined that *each* form of intermediate relief "would impair the success of the Plan" and would be "akin to a full reversal" of the

confirmation order. SLI, 2006 U.S. App. Lexis 5188 at *9. This is not the case in Magten's Appeals.

Despite the substantial consummation of the Plan, NorthWestern can readily provide Magten with a recovery on the full value of its claim – a $50 million allowed claim on account of the fraudulent conveyance of utility assets to Northwestern (the "Montana Utility Assets") – without unraveling the Plan or affecting the rights of any other creditor. Pursuant to the Plan, unsecured creditors were to receive approximately 63 cents on the dollar on account of their claims in shares of New Common Stock. The New Common Stock was significantly undervalued under the Plan and, to date, the New Common Stock has increased in value by more than 75%,[2] furnishing creditors with a recovery of more than 100 cents on the dollar. In accordance with section 7.5 of the Plan, NorthWestern established a disputed claims reserve of shares of New Common Stock for the resolution of Class 9 disputed claims, including Magten's (the "Disputed Claims Reserve") – a pot of shares that cannot revert back to NorthWestern and is large enough to provide Magten with a full recovery on account of its claim. As there are no other creditors with disputed claims to share in the Disputed Claims Reserve, no creditor would be impaired by utilizing the shares to provide relief to Magten. Indeed, given this alleged new found "surplus" of shares, certain creditors that have already received a 100% recovery on account of their claims and 75% more than they were to receive under the Plan have sought to have this "surplus" reserve paid over to them.

---

[2] On April 26, 2006, NorthWestern announced that it has signed a definitive agreement to be acquired by Babcock & Brown Infrastructure Ltd. for $37 a share of common stock in an all cash transaction that values NorthWestern at approximately $2.2 billion. At a value of $37 a share, NorthWestern's stock will have appreciated in value by 85% from the Plan value of $20 a share.

3

Therefore, due to the fact that this Court can grant Magten relief without upsetting the Plan and without prejudicing the rights of any creditors, the equitable mootness doctrine as applied in <u>SLI</u> is wholly inapplicable in this case and thus Magten should not be denied its rights to pursue the merits of the Appeals.

Dated: Wilmington, Delaware
April 27, 2006

                              BLANK ROME LLP

                              _____
                              Dale R. Dubé (I.D. No. 2863)
                              Bonnie Glantz Fatell. (I.D. No. 3809)
                              1201 Market Street, Suite 800
                              Wilmington, DE 19801
                              Telephone:  (302) 425-6400
                              Facsimile:  (302) 425-6464

                                      - and -

                              FRIED, FRANK, HARRIS, SHRIVER &
                              JACOBSON LLP
                              Bonnie Steingart
                              Gary L. Kaplan
                              One New York Plaza
                              New York, NY 10004
                              Telephone:  (212) 859-8000
                              Facsimile:  (212) 859-4000

                              Counsel for Magten Asset Management
                                  Corporation